**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE  )
          )
   v.      )  I.D. Nos. 2212011066
          )      2205008758
MARKEL RICHARDS,  )
          )
   Defendant.   )

Submitted: May 21, 2025
Decided:  May 27, 2025

**<u>ORDER</u>**

This  27th  day of May, 2025, upon consideration of Defendant Markel Richards' ("Richards") Motion to Vacate Unconstitutional Sentence,[1] and the record in this matter, it appears to the Court that:

1. Richards pled May 1, 2023 to Illegal Gang Participation, Manslaughter, three counts of Conspiracy Second Degree, two counts of Theft of a Motor Vehicle, two counts of Assault First Degree, Attempted Assault First Degree, and Possession of a Firearm During the commission of a Felony.[2]  As result of his plea, he faced a minimum mandatory sentence of 11 years at Level V and a maximum sentence of 138 years.[3]  In the plea agreement, the State agreed to recommend no more than 18 years

---

[1] D.I. 18 (ID No. 2212011066); D.I. 17 (ID No. 2205008758).  Subsequent references are to ID No. 2212011066.
[2] D.I. 14.
[3] *Id.*

of unsuspended Level V time.[4]  The Court sentenced him to 64 years at Level V, suspended after 21 years, for decreasing levels of supervision.[5]

2.    Richards moves for correction of an illegal sentence.  In this motion, he claims his sentence was illegally enhanced from an 11 year minimum mandatory sentence in violation of his 5th and 6th Amendment, and due process rights  under *Erlinger v. United States*[6]  and its predecessors.[7]

3.    Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[8]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[9]  The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[10]

4.    Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  Nor, need the Court consider whether *Erlinger*

---

[4] *Id.*
[5] D.I. 17.
[6] 602 U.S. 821 (2024).
[7] D.I. 32.
[8] Super. Ct. Crim. R. 35(a).
[9] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[10] Super. Ct. Crim. R. 35(a) and (b).

may be retroactively applied to his case. The Court need only consult the Plea Agreement and the Sentence Order to determine Richards is not entitled to relief under either interpretation of the motion.

5.    *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[11] In Richards' case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence. It simply sentenced him within the statutory range. *Erlinger* and similar cases are not implicated.

Therefore, Defendant Markel Richards' Motion to Vacate Unconstitutional Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc: Prothonotary
    Joseph Grubb, Esquire, Deputy Attorney General
    Erika Flaschner, Esquire, Deputy Attorney General
    Jillian Bender, Esquire, Deputy Attorney General
    Markel Richards (SBI #00798313)
    ISO

---

[11] *Erlinger* 602 U.S. at 833 (quoting *Alleyne v United States*, 570 U.S. 99, 111-113)